IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


BRANDON K. POLK                                                            PLAINTIFF

VS.                                                CIVIL ACTION NO. 1:06cv383WJG-JMR

PHILLIPS 66 COMPANY, *ET AL*.                                            DEFENDANTS


O R D E R

THIS MATTER is before the Court on motion [8-1] of the Plaintiff, Brandon K. Polk, to

remand [8-1] the above referenced action to the Circuit Court of Jones County, Mississippi.  The

Court has duly considered the record in this action in addition to the briefs of counsel and being

fully advised in the premises, concludes as follows.

This suit was originally filed on May 19, 2004, seeking damages for alleged injuries

caused by exposure to asbestos containing products.  (Ct. R., Doc. 8, Exh. A.)  Polk advances

claims based on Mississippi common law causes of action, in addition to claims brought under

general maritime law and the Jones Act[1].  (*Id*.)  Polk's amended complaint includes claims

against manufacturers and distributors of products allegedly containing asbestos, and includes

negligence, strict liability in tort, and claims under the Jones Act.  (*Id*., pp. 6, 8.)  Polk asserts no

claims under federal law other than claims subject to the Savings to Suitors clause[2].  (*Id*.)

Defendant Pool Offshore Company [Pool] d/b/a Pool Company asserts that the Outer

Continental Shelf Lands Act [OCSLA][3] establishes federal jurisdiction and control of resources

_____

[1]46 U.S.C.A. App. § 688.

[2]28 U.S.C.A. § 1333(1).

[3]43 U.S.C. § 1349(b)(1)(A).

located on the Outer Continental Shelf [OCS].  (Ct. R., Doc. 14, p. 5.)  Pool contends that Polk's

employment records do not show that Polk was ever assigned to, or worked aboard, a vessel

during his employment with Pool.  (*Id.*, p. 4.)  Pool contends that because Polk was not assigned

to work or perform work aboard a vessel, an offshore injury sustained by Polk, if any, must have

occurred aboard a fixed platform or other non-vessel structure.  (*Id.*)

Laura Doerre, in-house assistant general counsel of Nabors Offshore Corporation, the

parent company of Pool, submitted an affidavit regarding Polk's employment with Pool.  (Ct. R.,

Doc. 18-2.)  Doerre reviewed Polk's employment records which indicate that Polk was employed

at Pool from October 7, 1981, through April 25, 1985.  (*Id.*)  Doerre also avers that the records

show that Polk spent less than 30% of his time assigned to or working aboard vessels in

navigation.  (Ct. R., Doc. 24-2, p. 2.)

In *Demette v. Falcon Drilling Co.*, the Fifth Circuit Court of Appeals explained:

> [The] OCSLA provides comprehensive choice-of-law rules and federal
> regulations to a wide range of activity occurring beyond the territorial waters of
> the states on the outer continental shelf of the United States . . . [and] . . . applies
> federal law to certain structures and devices on the Outer Continental Shelf
> [OCS], incorporates state law into federal law on the OCS, and applies the
> LHWCA to certain injuries sustained by persons working on the OCS.

(280 F.3d 492, 495-6 (5th Cir. 2002).)  Federal courts are granted subject matter jurisdiction over

cases and controversies "arising out of or in connection with (a) any operation conducted on the

OCS which involves exploration, development, or production of minerals, of the subsoil of the

seabed of the OCS, or which involves the right to such minerals . . . . *Texaco Exploration &

Prod., Inc. v. Clyde Engineered Products Co.*, 448 F.3d 760, 768 (5th Cir. 2006).

After considering the information presented by the parties in connection with the motion

to remand, the Court is unable to determine whether Polk qualifies for coverage under the Jones

Act, and the basis for federal jurisdiction.  Accordingly, the parties are directed to submit summary judgment type evidence to further flesh out the basis for coverage under the Jones Act for Plaintiff and why this Court does not have jurisdiction in this case.  To expedite this process, the parties shall submit their information in accordance with the following schedule.  Plaintiff shall file his briefs and evidence outlining the basis for his claim for coverage under the Jones Act and why the OCSLA does not prohibit remand of this case within ten calendar days of the entry date of this order, or by no later than April 5, 2007.  Defendant Pool's response, if any, shall be submitted within five calendar days following the Plaintiff's submission.  The Court shall hold Plaintiff's motion to remand in abeyance pending this information.  It is therefore,

ORDERED  that the parties shall submit summary judgment type evidence to clarify the claims made pursuant to the Jones Act, and concerning the jurisdictional issue raised by the OCSLA in accordance to the outline above.  It is further,

ORDERED that this Court shall  hold Plaintiff's motion to remand [8-1] in abeyance pending this information.

SO ORDERED  this the 26th day of March, 2007.


_Walter J. Gex III_
_____
UNITED STATES SENIOR DISTRICT JUDGE